Christi C. Goeller, OSB #181041
cgoeller@freedomfoundation.com
Freedom Foundation
P.O. Box 552
Olympia, WA 98507-9501
(360) 956-3482

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHE' S. COOK**; **CLIFFORD H. ELLIOTT**; **J. SCOTT ENGLISH**; **BETHANY HARRINGTON**; **WILLIAM LEHNER**; **CARMEN LEWIS**; and **TRUDY METZGER**, as individuals,<br><br>                Plaintiff(s),<br><br>v.<br><br>**KATE BROWN**, in her official capacity as Governor of the State of Oregon; **KATY COBA**, in her official capacity as Director of the Oregon Department of Administrative Services; and **OREGON AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 75**, a labor organization,<br><br>                Defendant(s). | Case No.: 6:18-cv-1085<br><br>**COMPLAINT**<br><br>(Constitutional Violation Action; Civil Rights 42 U.S.C. § 1983) |

/

//

COMPLAINT                                            1

## INTRODUCTION

1. Che′ S. Cook, Clifford H. Elliott, J. Scott English, Bethany Harrington, William Lehner, Carmen Lewis, and Trudy Metzger are public employees who are exclusively represented by Defendant Oregon American Federation of State, County, and Municipal Employees, Council 75 ("AFSCME 75"). Plaintiffs are not members of AFSCME 75 but are forced to pay compulsory union fees to AFSCME 75 as a condition of their employment, pursuant to Oregon's Public Employee Collective Bargaining Act ("PECBA").

2. Plaintiffs submit Defendants have violated their constitutional rights under the First and Fourteenth Amendments to the United States Constitution by forcing them to pay compulsory "agency fees" to AFSCME 75 as a condition of their employment, even though Plaintiffs do not belong to this union and do not wish to subsidize the union's activities.

3. Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983 seeking (a) judgment declaring Oregon's practice of forcing them to pay fees to fund union activity of any kind violates the First Amendment; (b) judgment declaring that ORS 243.650(1), ORS 243.672(c) – to the extent it authorizes compulsory nonmember fees – and ORS 292.055(5) violate the First Amendment; (c) injunctive relief that prohibits Defendants from seizing compulsory fees from them in the future; and (d) damages from AFSCME 75 for wrongfully seizing these fees from them.

## JURISDICTION AND VENUE

4. This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiffs by the Constitution of the United States, particularly the First and Fourteenth Amendments thereto.

5.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6.  This action is an actual controversy in which Plaintiffs seek a declaration of their rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and division, because a substantial part of the events giving rise to the claims occurred in this judicial district and Defendants operate and do business in this judicial district and division.

8.  Because claims arose in Marion County, assignment to the Eugene Division is proper. USDC Oregon LR 3-2.

**PARTIES**

9.  Plaintiff Che′ S. Cook resides in Umatilla County, Oregon.

10. Plaintiff Clifford H. Elliott resides in Deschutes County, Oregon.

11. Plaintiff J. Scott English resides in Polk County, Oregon.

12. Plaintiff Bethany Harrington resides in Deschutes County, Oregon.

13. Plaintiff William Lehner resides in Marion County, Oregon.

14. Plaintiff Carmen Lewis resides in Washington County, Oregon.

15. Plaintiff Trudy Metzger resides in Linn County, Oregon.

16. Defendant Kate Brown is the Governor of Oregon. Her office is in Salem, Oregon. Governor Brown is the representative of the State and is sued in her official capacity.

17. Defendant Katy Coba is director of the Oregon Department of Administrative Services. She is charged with negotiating and enforcing the collective bargaining agreement with AFSCME Council 75 pursuant to Oregon Revised Statutes 243.696(1).

18. Defendant Oregon American Federation of State, County, and Municipal Employees, Council 75 ("AFSCME 75"), is a labor union whose offices are located at 1400 Tandem Avenue, NE, Salem, Oregon 97301.

## FACTUAL ALLEGATIONS

19. Plaintiff Che′ S. Cook works for the Oregon Department of Corrections. He resigned his membership with AFSCME 75 and its affiliates.

20. Plaintiff Clifford H. Elliott works for the Oregon Department of Corrections. He resigned his membership with AFSCME 75 and its affiliates.

21. Plaintiff J. Scott English works for Polk County. He resigned his membership with AFSCME 75 and its affiliates.

22. Plaintiff Bethany Harrington works for the Oregon Department of State Lands. She resigned her membership with AFSCME 75 and its affiliates.

23. Plaintiff William Lehner works for the City of Salem. He resigned his membership with AFSCME 75 and its affiliates.

24. Plaintiff Carmen Lewis works for the Oregon Department of Corrections. She resigned her membership with AFSCME 75 and its affiliates.

25. Plaintiff Trudy Metzger works for the Oregon State Hospital. She resigned her membership with AFSCME 75 and its affiliates.

26. Though none of the Plaintiffs are members of AFSCME 75 or its affiliates, all are compelled pay an "agency fee" to AFSCME 75 as a condition of their employment.

27. The Plaintiffs do not wish to pay this "agency fee" because they do not agree with all of AFSCME 75's activities and do not wish to subsidize those activities in any way.

28. The compelled subsidy that Plaintiffs, and all "agency fee" payers, must pay to AFSCME 75 as a condition of their employment violates their constitutional rights.

29. Although AFSCME 75 allows nonmembers to seek partial refunds of their compelled agency fees and allows them to insist that their contributions will be used only to support the union's collective-bargaining activities, this does not remedy Defendants' violations of Plaintiffs' constitutional rights.

30. A public-employee union's collective-bargaining activities are no less political than its lobbying and electioneering activities, as all these actions are directed at the government and seek to influence government policy. *See Harris v. Quinn*, 134 S. Ct. 2618, 2632–33 (2014).

31. Money is fungible, so when the Plaintiffs are forced to subsidize AFSCME 75's collective-bargaining activities, they are freeing up resources that AFSCME 75 may then spend on political and ideological activities.

32. Plaintiffs do not wish to subsidize *any* of AFSCME 75's activities and their compelled support of AFSCME 75's collective-bargaining activities is no less an affront to Plaintiffs constitutional rights as is their compelled support of AFSCME 75's political and ideological advocacy.

33. AFSCME 75, along with Defendants Brown and Coba, are acting under color of state law by imposing and collecting these "agency fees."

34. The Supreme Court's ruling in *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), which upheld the constitutionality of public-employee union shops and the forced imposition of "agency fees" on non-union members, has been so undermined by subsequent Supreme Court rulings and doctrinal developments that it need not be regarded as binding precedent, even though the Supreme Court has yet to explicitly overrule that decision. *See e.g. Harris v. Quinn*, 134 S. Ct. 2618, 2632–34 (2014) (criticizing *Abood*'s analysis as "questionable on several grounds" and claiming that *Abood* "seriously erred" and "fundamentally misunderstood" the earlier decisions of the Court). For example, in numerous same-sex marriage litigation cases, the vast majority of federal district courts and federal appellate courts disregarded the holding of *Baker v. Nelson*, 409 U.S. 810 (1972) and decided to recognize a constitutional right to same-sex marriage—even though the Supreme Court did not overrule *Baker* until its pronouncement in *Obergefell v. Hodges*, 135 S. Ct. 2584, 2605 (2015). *See e.g. Bostic v. Schaefer*, 760 F.3d 352, 375 (4th Cir. 2014) ("[W]e decline to view *Baker* as binding precedent"); *Waters v. Ricketts*, 48 F. Supp. 3d 1271, 1284 (D. Neb. 2015) ("Doctrinal developments since the *Baker* case indicate the Supreme Court's summary ruling in *Baker* is no longer reliable or binding."); *Searcy v. Strange*, 81 F. Supp. 3d 1285, 1287 (S.D. Ala. 2015) (refusing to follow *Baker* because "Supreme Court decisions since *Baker* reflect significant 'doctrinal developments' concerning the constitutionality of prohibiting same-sex relationships" (citation omitted)); *Geiger v. Kitzhaber*, 994 F. Supp. 2d 1128, 1133 (D. Oregon 2014) ("Considering 40 years of Supreme Court decisions, the Court's summary order in *Baker* yields no lasting precedential effect in 2014."). There are other examples of lower courts that disregard Supreme Court precedent after concluding that a previous ruling no longer enjoys the support of five justices—and the Supreme Court has affirmed those rulings without criticizing the lower court for anticipating the Supreme Court's repudiation of its earlier ruling. *See Simmons*

*v. Roper*, 112 S.W.3d 397 (Mo. 2003) (declaring the juvenile death penalty unconstitutional and refusing to follow *Stanford v. Kentucky,* 492 U.S. 361 (1989)), *aff'd by Roper v. Simmons*, 543 U.S. 551 (2005); *United States v. Booker*, 375 F.3d 508, 513 (7th Cir. 2004) (Posner, J.) (declaring the federal sentencing guidelines unconstitutional even though this contradicted the Supreme Court's holding in *Edwards v. United States,* 523 U.S. 511 (1998)), *aff'd and remanded by United States v. Booker*, 543 U.S. 220 (2005).

35. Plaintiffs are bringing suit at this time to preserve the ability to seek retrospective relief against Defendants for as far back as permitted by law.

## CAUSES OF ACTION

36. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

37. The First Amendment of the United States Constitution guarantees individuals the right to choose whether, how, and with whom to associate to "petition the Government for a redress of grievances" and engage in "speech."

38. A state grievously infringes on these First Amendment rights when it compels citizens to be represented by, to associate with, and to financially support an expressive organization or its expressive activities. Those infringements are subject to, at a minimum, exacting constitutional scrutiny and are only permissible if they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associated freedoms.

## COUNT I

(Compulsory financial support of AFSCME Council 75 violates 42 U.S.C. § 1983

and the First and Fourteenth Amendments)

39. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

40.     By and through ORS 243.650(10), ORS 243.672(c) and ORS 292.055 and the terms of the Collective Bargaining Act(s) between Plaintiffs' public employers and AFSCME 75, as well as the automatic seizure of agency fees from Plaintiffs and the requirement that nonmembers specifically opt-out and request for deductions to cease, Defendants have compelled Plaintiffs to financially support AFSCME 75 as their mandatory representative for purposes of petitioning and contracting with the State of Oregon.

41.     As a result of the actions set forth in the forgoing Paragraph, Defendants have violated and continue to violate Plaintiffs' First Amendment rights, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, not to associate with a mandatory representative and not to support, financially or otherwise, petitioning and speech.

42.     No compelling state interest justifies these infringements upon Plaintiffs' First Amendment Rights.

43.     For the foregoing reasons, Plaintiffs are suffering irreparable harm and injury inherent in a violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

1. **Declaratory Judgment:** enter a declaratory judgment that all pertinent statutes, rules, regulations, and collective-bargaining agreements that compel Plaintiffs to pay agency fees to AFSCME 75 as a condition of their employment are unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and are null and void;

2. **Permanent Injunction:** issue a permanent injunction enjoining Defendants from engaging in any activity that this Court declares illegal, including but not limited to:

   a. Enjoining AFSCME 75, and anyone acting on its behalf or in concert or participation with it, from collecting any "agency fees" or any other type of money from nonmembers;

   b. Enjoining Defendants Brown and Coba, along with their officers, agents, servants, employees, attorneys, and any other person or entity acting in concert or participation with them, from enforcing any law or collective bargaining agreement to the extent such law or collective bargaining agreement requires the payment of money, including but not limited to "agency fees," to a labor union or collective bargaining entity as a condition of employment;

   c. Enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity acting in concert or participation with them, from enforcing any law, policy, or collective-bargaining agreement that prevents or deters employees from canceling or revoking their membership in AFSCME 75;

3. **Damages:** enter a judgment awarding Plaintiffs compensatory damages or restitution in an amount to be determined at trial, including statutory interest pursuant to ORS 82.020, and such other amounts as principles of justice and equity require.

4. **Costs and attorney fees:** award Plaintiffs their costs and reasonable attorney fees pursuant to the Civil Rights Attorney' Fees Award Act of 1976, 42 U.S.C. § 1988, and as otherwise permitted by law; and

5. **Other relief:** award Plaintiffs such other and additional relief as this Court deems just, equitable or proper.

Dated: June 20, 2018

> By: s/ Christi C. Goeller_____
> Christi C. Goeller, OSB #181041
> cgoeller@freedomfoundation.com
> FREEDOM FOUNDATION
> P.O. Box 552
> Olympia, WA 98507-9501
> T: 360-956-3482
> F: 360-352-1874
> Attorney for Plaintiffs